AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe<br>the object or property to be used for tracking)*<br>A 2016 DODGE RAM (VIN: 1C6RR7PT1GS190807),<br>BEARING OHIO LICENSE PLATE HJZ4924 | Case No. 3:20MJ288 |

FILED
RICHARD W. NAGEL
CLERK OF COURT
6/15/20
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

## APPLICATION FOR A TRACKING WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of

__21__ U.S.C. § __841 and 846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A 2016 DODGE RAM (VIN: 1C6RR7PT1GS190807), BEARING OHIO LICENSE PLATE HJZ4924

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
SA Austin M. Roseberry, DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence via facetime.

Date: 6/15/20

City and state: Dayton, Ohio

Sharon L. Ovington
United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF A 2016 DODGE RAM (VIN: 1C6RR7PT1GS190807), BEARING OHIO LICENSE PLATE HJZ4924 | Case No. 3:20MJ288<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Austin M. Roseberry, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a 2016 Dodge Ram 1500 displaying Ohio license plate HZJ4924, Vehicle Identification Number 1C6RR7PT1GS190807, registered to Trachelle WASHINGTON ("SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of narcotics trafficking, 21 U.S.C. §§ 841 and 846, and that there is probable cause to believe that the installation of a tracking device on the SUBJECT VEHICLE and use of the tracking devices will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I am a Special Agent (SA) for the United States Drug Enforcement Administration (DEA) within the meaning of Title 21, United States Code, Section 878, that is an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. The information contained in this Affidavit is either personally known by me or relayed to me by

other law enforcement officers involved in this investigation. I have been employed as a Special Agent with the Drug Enforcement Administration since July 2012, and have worked at the Drug Enforcement Administration office in Dayton, Ohio since May 2017. I have been involved in narcotics-related arrests, executed search warrants that resulted in the seizure of narcotics, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance in drug trafficking investigations of an international scope. Through training and experience, I am familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside, and where they store controlled substances and the illegal proceeds derived.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. I submit, based on the facts below, there is probable cause to believe the SUBJECT VEHICLE, as described above, is being utilized by Jai Aaron BARKER[1]. Agents/Officers believe BARKER is distributing multi-pound quantities of methamphetamine, and multi-kilogram quantities of cocaine and fentanyl; furthermore, BARKER is believed to be utilizing the SUBJECT VEHICLE in furtherance of his criminal activity.

---

[1] BARKER's Criminal History includes: a 2007 arrest by FBI and subsequent conviction for possession of heroin and a weapon, a 2013 arrest by the Secret Service for Access Device Fraud.

5. In November of 2019, members of the DEA Columbus District Office conducted a consensual encounter of BARKER and John DIXON at the Columbus International Airport. BARKER was found to be carrying thousands of dollars in bulk United States Currency and multiple cellular telephones which were seized as suspected drug proceeds. A Search Warrant was obtained for the cellphones seized from BARKER at the airport. The analysis of the data from the cellular devices revealed coded conversation consistent with the coordinating the international shipment of cocaine, methamphetamine, marijuana and fentanyl. Embedded in these coded conversations were images of the contraband and bulk currency, which BARKER was sending and receiving. The coded conversations revealed BARKER and an identified co-conspirator were coordinating shipments of drugs and currency through various means of travel including international travel from the summer of 2019 until the time the phones were seized at the airport.

6. In March 2020, members of the DEA Dayton Resident Office debriefed a DEA Confidential Source (DEA-1) who purported to have information regarding Jai BARKER and his drug trafficking organization. DEA-1 stated BARKER is a drug trafficker who is travelling to California and sending drugs back to Ohio. DEA-1 stated BARKER has multiple people in the Dayton area selling the drugs BARKER brings back, including John DIXON aka DREAD, and other identified individuals previously known to investigators as drug traffickers. DEA-1 stated BARKER's paramour is an individual named Augustine ROBINSON and that ROBINSON is known to drive a Lincoln MKT SUV. DEA-1 stated BARKER has another paramour named Kenya MOORE. DEA-1 also stated BARKER lives a very lavish lifestyle including driving multiple vehicle including a Maserati.

7.      On April 8, 2020, Investigators reviewed a subpoena return from a local utilities company, which revealed on February 5, 2020, Augustine ROBINSON activated utilities in her name for the residence located at 8816 Salem Ridge, Dayton, Ohio 45458.

8.      On April 8, 2020, members of the DEA Dayton Resident Office established surveillance at 8816 Salem Ridge, Dayton, Ohio 45458. SA Roseberry observed a dark blue Dodge Ram 1500 with the letters RAM in white or silver on the tailgate (SUBJECT VEHICLE), parked in the driveway of the residence. A short time later, SA Roseberry observed the lights of the SUBJECT VEHICLE illuminate and begin to back down the driveway. SA Roseberry a short time later observed the SUBJECT VEHICLE pulling onto Yankee Street. SA Roseberry drove up beside the vehicle and observed the SUBJECT VEHICLE bearing Ohio License plate HZJ4924. SA Roseberry also observed the silhouette of a male driver through the darkly tinted windows. Physical surveillance was maintained on the vehicle which travelled to a parking lot located in the southwest corner of the intersection of S. Orchard Avenue and Howell Avenue in Dayton, Ohio. The SUBJECT VEHICLE was observed parked door to door with vehicles in the parking lot. The parking lot included dump trucks. TFO St. Clair observed writing on one of the truck doors which read Ewol Trucking and listed telephone number 937-470-1624. Surveillance observed the SUBJECT VEHICLE depart the parking lot and drive to Trotwood, Ohio. The SUBJECT VEHICLE did not utilize the most direct route of travel to the eventual location and conducted maneuvers which in Your Affiant's training and experience are often utilized by drug traffickers to identify surveillance. The SUBJECT VEHICLE traveled into a residential neighborhood and was not seen for a length of time. The SUBJECT VEHICLE was observed pulling off Old Hickory Place, Trotwood, Ohio and then travelled to the Lee's Famous Recipe Chicken Restaurant located at 885 E Main Street, Trotwood, Ohio. While pulling away from the

drive-thru window, TFO Greg Orick observed the male driver who he positively identified as BARKER. Investigators continued to follow the SUBJECT VEHICLE for a short time; however, surveillance ended after BARKER continued to conduct maneuvers in the SUBJECT VEHICLE consistent with counter-surveillance.

9. SA Roseberry conducted public records quires which revealed Trachelle WASHINGTON, the registered owner of the SUBJECT VEHICLE, is also the listed registered owner of a 2014 Maserati GHIBLI, a 2011 Jaguar XJ, and a 2009 Hyundai Genesis. Based on my training and experience, I know drug traffickers often place assets in other people's names in an effort to thwart law enforcement detection.

10. On April 10 and 13, 2020, United States Magistrate Judge Michael Newman from the Southern District of Ohio approved a Tracking Warrant for the SUBJECT VEHICLE. Investigators installed a GPS tracking device on the SUBJECT VEHICLE and monitored the GPS devices during the approved monitoring period. BARKER utilizing the SUBJECT VEHICLE was observed by surveillance on multiple occasions during the monitoring period to travel around the Dayton, Ohio area. Investigators observed BARKER and the SUBJECT VEHICLE travel to addresses your affiant believes to be utilized in the furtherance of drug trafficking, including an address where BARKER was observed to have dominion and control over the address by utilizing the front and garage door of the residence and collect the mail from the residence's mail box when it did not appear to have anyone living there. A query of law enforcement and public records did not reveal that BARKER was associated with the address in any way. In your affiants training and experience, addresses like the aforementioned, are often utilized as stash locations for drug proceeds or distribution quantities of controlled substances in an effort to thwart law enforcement detection.

11. On April 22, 2020, BARKER in the SUBJECT VEHICLE was observed travelling to 212 Julia Avenue, Dayton, Ohio. An investigator observed a black SUV bearing Ohio license plate K632760 in the driveway parked behind the SUBJECT VEHICLE. TFO StClair also observed a black male subject wearing a white t-shirt walking away from a grey Pontiac bearing Ohio license plate HLY3374. A query of law enforcement databases revealed Ohio license plate K632760 is registered to Judy SMITH at 953 Huron Avenue, Dayton Ohio on a 2017 Cadillac Station wagon, black in color, VIN: 1GYKNBRS1HZ128601. A query of law enforcement databases and public records revealed Brandon Lee SMITH[2] also lives at 953 Huron Avenue, Dayton, Ohio. The Criminal History for B. SMITH revealed was listed as 6' tall and weighing 220 pounds. This matched the physical description of the individual who was observed on surveillance.

12. The GPS tracker that was installed during the previous monitoring period on the SUBJECT VEHICLE is still in place on the vehicle. The refresh rate was reduced to every 6 hours (the lowest possible setting) on the GPS device to conserve the battery. Agents have not been monitoring the device from the date the previous warrant expired until the warrant for this affidavit is signed by the Court. The last time investigators physically observed BARKER utilizing the SUBJECT VEHICLE was on April 29, 2020. However, per the GPS tracker, the SUBJECT VEHICLE was parked at 5657 West Creek Drive, Dayton, Ohio, as recently as May 28, 2020, the last day of the monitoring period. A query of public records revealed BARKER purchased 5657 Westcreek Drive, Dayton, Ohio in September 18, 2019.

---

[2] Brandon SMITH has a CCH that includes multiple arrests for drug trafficking crimes including a 2012 arrest for possession of heroin and conspiracy to possess with intent to distribute a controlled substance in which SMITH was convicted.

13. Based on my training and experience, I know that drug traffickers often generate and maintain large amounts of United States currency, which are typically proceeds of narcotics trafficking. I also know that vehicles are often times used to conceal, transport, and distribute illegal narcotics and the proceeds of illegal narcotics. I know that drug traffickers use vehicles as a means of transportation to narcotics stash locations and distribution points. Many times, these same drug dealers actively utilize techniques designed to foil conventional surveillance and elude law enforcement.

14. Based on my training and experience, I also know that drug traffickers and those involved in money laundering use multiple vehicles to evade detection, and will often switch vehicles after being stopped by law enforcement while in the possession of drug proceeds and/or narcotics.

15. Based upon the information above, it is believed that BARKER is using the SUBJECT VEHICLE, that he is involved in drug trafficking in violation of federal law, and that the movement of the SUBJECT VEHICLE may provide evidence of his travel, places where he meets with drug trafficking associates (and assist in identifying those associates), and locations where controlled substances may presently be stored and/or sold. Based upon the fact that the GPS tracking device reveals the SUBJECT VEHICLE was most recently located in the Southern District of Ohio on May 27, 2020, I believe that the SUBJECT VEHICLE is presently within the Southern District of Ohio.

16. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

17. In the event the court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the SUBJECT VEHICLE within Southern District of Ohio, within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter private property and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Ohio.

19. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously

jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

20. I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

Respectfully Submitted,

_____
Austin M. Roseberry
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me via FaceTime on June 15, 2020.

Sharon L. Ovington
United States Magistrate Judge

_____
HON. _____ L. OVINGTON
UNITED STATES MAGISTRATE JUDGE